Filed 10/23/14  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ROBERT HERNANDEZ,<br><br>    Defendant and Appellant. | C074551<br><br>(Super. Ct. No. CRF124672) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 11, 2012, defendant Michael Robert Hernandez got into a fight with T.L., a woman he had been dating on and off for a year.  Defendant pushed T.L. to the floor and strangled her with both hands.  When T.L. tried to fight back, defendant

1

punched her several times in the face with a closed fist. He stopped the attack before T.L. lost consciousness. Later, defendant assaulted T.L. again, pushing her onto the bed and strangling her with both hands. When she fought back, defendant kicked her two or three times in the groin and then pushed her to the floor. Defendant resumed strangling T.L. until she passed out. After T.L. woke up, defendant threatened to strike her with a metal bicycle lock unless she gave him the pass code to her cell phone.

Defendant called T.L the following day and left a message for her to call him. She called defendant, who was under the impression he was facing attempted murder charges based on the assaults. When T.L. affirmed that she would testify against him, defendant said he had a gun and "since I am going away I'm going to shoot you in the head and take you with me."

Defendant pleaded no contest to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and forcibly dissuading a witness (§ 136.1, subd. (c)(1)) and admitted enhancements for a strike (§ 1170.12), a serious felony (§ 667, subd. (a)(1)) and personally inflicting great bodily injury involving domestic violence (§ 12022.7, subd. (e)). The trial court sentenced defendant to a stipulated term of 21 years in state prison, imposed various fines and fees, and awarded 115 days of presentence custody credit (100 actual and 15 conduct).

Defendant appeals. His request for a certificate of probable cause was denied.

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days

---

[1] Undesignated statutory references are to the Penal Code at the time of defendant's crimes.

2

of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


                                                MURRAY       , J.


We concur:


NICHOLSON , Acting P. J.


DUARTE , J.